JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGEY YAJAIRA HERNANDEZ ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-06844-FLA (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS [DKT. 14]** |

1

## **RULING**

Before the court is Plaintiff Sugey Yajaira Hernandez Rojas' ("Plaintiff") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court. Dkt. 14 ("Mot."). Plaintiff also requests attorney's fees and costs of $2,866.50, incurred because of Defendant General Motors LLC's ("Defendant") allegedly untimely removal. *Id.* at 12–13.[1] On September 16, 2025, the court found this matter appropriate for resolution without oral argument and vacated the September 19, 2025 hearing on the Motion. Dkt. 23; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS this action to the Los Angeles County Superior Court. The court DENIES Plaintiff's request for attorney's fees and costs.

## **BACKGROUND**

Plaintiff filed her Complaint in this action on March 13, 2025, in the Los Angeles County Superior Court, Case No. 25STCV07235, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2) and the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2312), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to her purchase of a 2021 Chevrolet Silverado (the "Vehicle") from Defendant. Dkt. 1-1 ("Compl.")[2] ¶¶ 6–44.

Defendant answered Plaintiff's Complaint on April 17, 2025. Dkt. 1-2 at 2–9; Dkt. 1 at 2. Defendant removed the action to this court over three months later, on July 25, 2025, alleging it had now "conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[2] Citations to the Complaint refer to pages 10 through 17 of Dkt. 1-1.

give rise to subject matter jurisdiction." Dkt. 1 at 2.

Plaintiff filed the subject Motion on August 8, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to state court. Mot. at 7–12. Plaintiff also seeks attorney's fees and costs associated with its Motion. *Id.* at 12–13. Defendant filed an opposition ("Opposition") on August 29, 2025. Dkt. 17 ("Opp'n").

<strong><u>DISCUSSION</u></strong>

**I.    Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. If removability is not apparent from the

initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

II.    **Analysis**

Plaintiff argues remand is appropriate because Defendant failed to remove the action timely. Mot. at 7–12. The court agrees. Plaintiff filed the action in state court on March 13, 2025, and Defendant did not file its Notice of Removal until more than four months later—on July 25, 2025—well outside Section 1446's thirty-day window for removal. *Compare* Dkt. 1, *with* Dkts. 1-1, 1-2. Defendant argues removal was timely because the Complaint did not establish the $50,000 amount in controversy[3] unequivocally and clearly. Opp'n at 18–19.

---

[3] *See* 15 U.S.C. § 2310(d)(3)(B), creating a private cause of action for consumers under the Magnusson-Moss Act, but permitting claims to be filed in federal courts

Although the Complaint does not contain a clearly stated amount in controversy, *see generally*, Compl., Plaintiff served Defendant with the retail installment sales contract ("RISC") for the Vehicle, identifying a total sales price of $70,188.56, on June 23, 2025, thirty-two-days before Defendant's removal. Mot. at 5; Dkts. 14-1 ¶ 7, 14-3 at 1. Defendant responds it did not receive the RISC until July 16, 2025, which was within the thirty-day window. Opp'n at 23. The evidence before the court consists of a single declaration by Plaintiff attesting the RISC was served on June 23, 2025, Dkts. 14-1 ¶ 7, 14-3, and a single declaration by Defendant stating disclosure occurred on July 16, 2025, Dkts. 17-1 ¶ 2, 17-2 at 2–4. Nothing more.

A court must reject "[f]ederal jurisdiction … if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Such doubt exists here.[4] Defendant, who bears the burden of proof on removal, has failed to submit sufficient evidence it did not learn the amount in controversy exceeded $50,000 within thirty days before its removal of the action.[5]

Defendant also argues Plaintiff's citizenship could not be determined from the Complaint and RISC, thereby extending the period of removability. Opp'n at 20–21.

---

only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]").

[4] Defendant also argues the RISC "is not unequivocally clear and certain as to actual damages because it only provides the purchase price—not the value of other necessary offsets." Opp'n at 23–24. This argument is meritless as the RISC identified a sales price well above the $50,000 threshold, and Defendant does not identify what pleading or paper—beside the RISC—it eventually relied upon to conclude that the amount in controversy exceeded $50,000, that it did not possess or could not acquire during the 30-day window. *See generally*, Dkt. 1; Opp'n.

[5] Defendant argues the January 1, 2025 Song-Beverly Act amendments "expanded the formula for actual damages" to include "negative equity …, manufacturer's rebate[s] …, any third party sold optional equipment …, and unpaid financing." Opp'n at 22. Defendant, however, fails to identify how this new formula prevented its determination of removability within thirty days of service of the RISC. *See generally*, Opp'n.

5

The Complaint, however, states Plaintiff "is, and at all times relevant herein was, a resident of San Jose, California." Compl. ¶ 2. Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing. Opp'n at 20–21. Defendant's Notice of Removal also states Defendant's "preliminary investigation also concluded that Plaintiff resided in California when [s]he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." Dkt. 1 at 3. Defendant does not explain the nature of its "investigation" or why it could not have determined any earlier that Plaintiff was a citizen of California given that "Plaintiff resided in California when [s]he purchased the subject vehicle[.]" *Id.*

Accordingly, the court finds Defendant has failed to carry its burden of plausibly establishing this court's jurisdiction, which is strictly construed against removal, as Defendant had ample information at its disposal to remove the action before July 16, 2025, and within the permitted thirty-day period. *See Gaus*, 980 F.2d at 566. The court, therefore, GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

III.   **Attorney's Fees**

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Jordan*, 781 F.3d at 1184 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

The court finds the evidence insufficient to warrant an award of attorney's fees

6

in this case.  The court cannot say Defendant "lacked an objectively reasonable basis for seeking removal" here.  *Jordan*, 781 F.3d at 1184.  Accordingly, the court declines to exercise its discretion under 28 U.S.C. § 1447(c) to award Plaintiff attorney's fees and costs.

### CONCLUSION

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1.  This action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV07235.

2.  All dates and deadlines in this action are VACATED.

3.  The clerk of the court shall close this action administratively.

4.  Plaintiff's request for attorney's fees and costs is DENIED.


IT IS SO ORDERED.


Dated: February 12, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

7